1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   SUSAN C. HARDIN,                )      Case No. SACV 05-00864-MAN
                                     )
12              Plaintiff,           )
                                     )
13        v.                         )      ORDER RE: PETITION FOR
                                     )      ATTORNEY FEES PURSUANT TO
14   MICHAEL J. ASTRUE,              )      42 U.S.C. § 406(b)
     Commissioner of the Social      )
15   Security Administration,        )
                                     )
16              Defendant.           )
     _____)

17

18        On July 24, 2008, counsel for plaintiff filed a Petition for

19   Approval of Attorney Fees Under 42 U.S.C. § 406(b), with a supporting

20   memorandum of points and authorities and declaration by plaintiff's

21   counsel, Troy Monge of the Law Offices of Martin Taller, APC

22   (collectively, the "Petition").   The Petition requests payment of

23   attorney fees in the total amount of $23,116.75 for 25.7 hours of

24   attorney time expended before this Court.   On August 4, 2008, defendant

25   submitted a Response to Plaintiff's Counsel's Motion for Attorney Fees

26   Pursuant to 42 U.S.C. § 406(b).   For the reasons stated below, the

27   Petition is GRANTED.

28

**BACKGROUND**

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 4 for attorney fees of **"up to 25% of past-due benefits due me and my family."** (Petition at 2, Exhibit 1; emphasis added.)   On March 26, 2007, the Court reversed the Commissioner's decision and remanded this case for further administrative proceedings. On March 21, 2008, the Commissioner issued a decision granting plaintiff's application for benefits.   (Petition at 2.)   On June 19, 2008, plaintiff was awarded $92,467.00 in retroactive benefits. (Petition at 2, Exhibit 2.)   Pursuant to stipulation of the parties and an Order of this Court filed on August 2, 2007, plaintiff's counsel was awarded the sum of $3,772.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").   (Petition at 2.)

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .   In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

2

42 U.S.C. § 406(b)(1)(A).[1]

    In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court
held that Section 406(b)

> does not displace contingent-fee agreements as the primary
> means by which fees are set for successfully representing
> Social Security benefits claimants in court. Rather, §
> 406(b) calls for court review of such arrangements as an
> independent check, to assure that they yield reasonable
> results in particular cases. Congress has provided one
> boundary line: Agreements are unenforceable to the extent
> that they provide for fees exceeding 25 percent of the
> past-due benefits. Within this 25 percent boundary . . . the
> attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered.

Id. at 807 (citations omitted).

    The hours spent by counsel representing the claimant and counsel's
"normal hourly billing charge for noncontingent-fee cases" may aid "the
court's assessment of the reasonableness of the fee yielded by the fee
agreement." Gisbrecht, 535 U.S. at 808. The Court appropriately may
reduce counsel's recovery

---

    [1]   For representation of a benefits claimant at the
administrative level, an attorney may file a fee petition or fee
agreement. 42 U.S.C. § 406(a). In the event of a determination
favorable to the claimant, the Commissioner "shall . . . fix . . . a
reasonable fee" for the attorney's services. 42 U.S.C. § 406(a)(1).

3

based on the character of the representation and the results the representative achieved.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted); *see also* <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)(identifying factors relevant to adjustment of an attorney's lodestar figure).

Significantly, since <u>Gisbrecht</u>, district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements.  *See* <u>Ellick v. Barnhart</u>, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying post-<u>Gisbrecht</u> cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour); <u>Hearn v. Barnhart</u>, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and citing, *inter alia*, <u>Martin v. Barnhart</u>, 225 F. Supp. 2d 704 (W.D. Va. 2002)(awarding $10,189.50, equivalent to $605 per hour), and <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12, equivalent to $350.49 per hour)); *see also* <u>Mudd v. Barnhart</u>, 418 F.3d 424, 427 (4th Cir. 2005)(affirming denial of motion challenging $12,231.50 fee award equivalent to 25% of past benefits and hourly rate of $736.84); <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 324 (S.D.N.Y.

4

2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); <u>Koester v. Astrue</u>, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

**DISCUSSION**

The Court finds that the Petition demonstrates that "the fee sought is reasonable for the services rendered" and does not exceed the agreed-upon 25 percent of past-due benefits.[2]  Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought.

Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits.  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court.  Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the Petition seeks no more than the agreed fee.  In view of these circumstances and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds the *de facto* hourly rate of $899.48[3] and the total requested fee of $23,116.75 are reasonable under the inquiry

---

[2]      25% of $92,467.00 is $23,116.75.

[3]      $23,116.75 divided by 25.7 attorney hours equals $899.48.

5

1  called for by <u>Gisbrecht</u>.

2

3                              **CONCLUSION**

4

5       For the reasons set forth above, the Petition is GRANTED.  Section

6  406(b) fees are allowed in the gross amount of $23,116.75 to be paid out

7  of the total amount withheld by the Commissioner from plaintiff's past-

8  due benefits.   In view of the previous payment of EAJA fees in the

9  amount of $3,772.00, the Commissioner shall certify payment to counsel

10  of a net fee of $19,344.75.  The balance of the withheld funds shall be

11  paid to plaintiff.

12

13       IT IS SO ORDERED.

14

15  DATED: June 23, 2009

16                              _____
                                           /s/
17                                MARGARET A. NAGLE
                                UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                    6